Willie E. Phillips, #56009
LAW OFFICE OF WILLIE E. PHILLIPS
484 Lake Park Avenue, #335
Oakland, CA 94610
Tel: (510) 451-2222
Fax: (510) 451-2235

Bruce P. Zelis, #75312
Attorney at Law
1943 First Avenue
Walnut Creek, CA 94597
Telephone: (925) 943-6633
Facsimile: (925) 943-5292

Association of Attorneys for
Appellant/Debtor Willie E. Phillips in Pro Per

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA (San Francisco)**

| | |
|---|---|
| **In Re:**<br>**WILLIE E. PHILLIPS,**<br>    **Debtor,** | **Civil No.: C- 07-05397 MHP** |
| **UNITED STATES TRUSTEE,**<br>    **Plaintiff,**<br>vs.<br>**WILLIE E. PHILLIPS,**<br>    **Defendant.** | **Bankruptcy No: 06-30590 TC7**<br>**Adversary Proceeding No: 06-3124 TC**<br>**(Transferred from Bankr. S.D. Cal.)** |

## APPELLANT'S OPENING BRIEF

{ PAGE }

Appellant's Opening Brief – No. C-07-05397 MHP

**TABLE OF CONTENTS**

**I.   STATEMENT OF THE BASIS OF APPELLATE JURISDICTION**

**II.  STATEMENT ISSUES PRESENTED ON APPEAL**

**III. APPLICABLE STANDARD OF APPELLATE REVIEW**

**IV.  FACTUAL AND PROCEDURAL BACKGROUND OF THE DEBTOR'S BANKRUPTCY CASE**

**V.   ARGUMENT**
    A.    The Relevant Recusal Statutes, Codes And Canons That Provide The Grounds For Judge Thomas Carlson To Be Recused From This Case
    B.    Judge Thomas Carlson Should Have Recused Himself As Required Under 28 U.S.C. 455 Because Of His Direct Prior Ruling In A Case That Is The Subject Of The Complaint Objecting To Discargeability Producing A "Specific Conflict Of Interest"
    C.    The Code Of Judicial Conduct Provides The Standards For Judge Thomas Carlson To Disqualify Himself Under Canon 3c Because His "Impartiality Might Reasonably Be Questioned"
    D.    The Denial Of Debtor/Attorney Phillips Appointment In The Chapter 11 Case Of National Human Services Coalition, Case No. 98-30389-Tc In Support Of The Oakland Judges Is Grounds For Recusal
    E.    Judge Thomas Carlson Is Specifically Noted In Adversary Pleading Filed On June 16, 2006 As A Witness Who Should Be Recused If Appointed As Judge In This Case
    F.    The Reporters Transcript Of The Hearing Held On June 23, 2006 Before Judge James W. Meyers In The San Diego, California Bankruptcy Court Reflects The Debtor's Concern Of Bias Of The Oakland Judges And Judge Carlson, A Request For Recusal And For A Change Of Venue

**VI.  CONCLUSION**

# TABLE OF AUTHORITIES

**FEDERAL STATUTES**

| | |
|---|---|
| 11 U.S.C. § 101, et seq | 4 |
| 28 U.S.C. § 158 (a) (1) | 4 |
| 28 U.S.C. § 158 (c) (1) | 4 |
| 28 U.S.C. § 455 | 4, 5, 9, 10, 14 |

**RULES**

| | |
|---|---|
| F.R.B.P. Rule 800 I (A) | 1 |

**FEDERAL CASES**

| | |
|---|---|
| In re: Markovich, 207 B.R. 909, 911 (B.A.P 9th Cir. 1997) | 2 |
| Beauchamp v. Hoose (In re Beauchamp) 236 B. R. 727, 729 (9th cir. BA.P. 1999) | 2 |
| National Human Services Coalition, Case No. 98-30389 TC | 7, 10, 11, 13 |
| Cherie Ivey v. Pros Rivera, Case No. 05-32090 TEC Adversary No. 05-3441 | 12, 14 |

**MISCELLANEOUS**

| | |
|---|---|
| The Code of Judicial Conduct | 9, 10, 11, 14 |

## I. STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

Subject matter jurisdiction in the Bankruptcy Court was based on the filing of a case under the Bankruptcy Code. 11 U.S.C. 101, *et seq*

Jurisdiction is this Court is proper under 28 U.S.C. 158 (a) (1) (jurisdiction of the District Courts over final judgments, orders, and decrees of bankruptcy judges.)

Appellant elected to have the within appeal heard by the District Court pursuant to 28 U.S.C. Section 158 (c) (1) and FRBP Rule 8001(e).

Appellant's Notice of Appeal from the Order of the Bankruptcy Court was filed.

## II. STATEMENT OF ISSUES PRESENTED ON APPEAL

1. Judge Thomas E. Carlson is scheduled as a Witness at Trial in this Adversary Proceeding and was scheduled and served a Subpoena to Appear for Deposition on October 24, 2007, which was opposed but is currently being considered by the Office of the United States Attorney for the Northern District for possible rescheduling and approval. Judge Carlson has abused his discretion in not Recusing himself as Judge in this case.

2. Because Judge Carlson Denied the Defendant Attorney Willie E. Phillips the right to represent a Chapter 11 Company in 1998 pursuant to an out of Court Extra-judicial letter dated November 20, 1997 from the Three (3) Oakland Bankruptcy Judges without a Hearing which is a part of the Adversary Complaint of the United States Trustee and the Answer by the Defendant, Judge Carlson abused his discretion when he denied his recusal after it was requested by the Defendant Attorney Willie E. Phillips.

3. Judge Carlson has been Subpoened for Deposition and will be called to testify at Trial.

## III. APPLICABLE STANDARD OF APPELLATE REVIEW

The sole question involved in this Appeal of the Interlocutory Order Denying Recusal is whether or not Judge Thomas E. Carlson should be Recused from this Bankruptcy case pursuant to facts and law cited in the Appellants/Debtors moving papers and case file.

The grounds that must be reviewed by this Court are set out in the Codes and in the code of Judicial Conduct as follows:

    A.    **28 U.S.C. 455** –This Code section provides the basic standards for "Disqualification of justice, judge, or magistrate". This section not only deals

with actual bias as well or prejudice, but also conflicts of interest and with the appearance of partiality.

The current Code 455 sections relevant to this case read as follows:

a). Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonable be questioned.

b). He shall also disqualify himself I the following circumstances:

1). Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

B. The Code of Judicial Conduct –This Code places a duty on the Judge by stating that "C. DISQUALIFICATION."

1). A Judge should disqualify himself in a proceeding in which his impartiality might reasonable be questioned, including but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (and any amendments thereto)

This Court has authority to review this Interlocutory Order Denying the Defendant Willie E. Phillips Motion to have Judge Thomas E. Carlson's Resuse himself.

The District Court reviews the Bankruptcy Court's findings of fact for clear error and the Court's conclusions of law *de novo*. See <u>*In re Markovich*</u>, 207 B.R. 909, 911 (B.A.P 9th Cir. 1997).

A factual finding is clearly erroneous if the appellate Court, after reviewing the record, has a definite conviction that a mistake has been made. *Beauchamp v. Hoose (In re Beauchamp)*, 236 B.R. 727, 729 (9th Cir. B.A.P. 1999)

**IV. FACTUAL AND PROCEDURAL BACKGROUND OF THE DEBTOR'S BANKRUPTCY CASE**

This Chapter 7 Bankruptcy case was commenced by the filing of a Voluntary Petition under Chapter 7 in the Southern District of California Bankruptcy Court in the city of San Diego on October 13, 2005. The Debtor Willie E. Phillips graduated from Hastings College of the Law in the 1972. He opened his first Law Office as a sole practitioner on Montgomery

Street in San Francisco, California on September 15, 1973. The Debtor/Attorney Willie E. Phillips. Two other office addresses were opened in Sacramento and San Diego, California in 2005.

The Debtor appeared at the First Meeting of Creditors and was questioned by the Chapter 7 Trustee. No Creditor appeared and there were no objections by any creditors nor the Chapter 7 Trustee. On January 16, 2006, the last day for a Complaint objecting to Discharge of the Debtor to be filed, the United States Trustee for the Southern District filed a Complaint against the Debtor Willie E. Phillips objecting to Discharge. (Record of Appeal No. 1, Complaint of U.S. Trustee.) The Debtor Answer. (Record of Appeal No. 2 & 3). The only real issue was a challenge to the Southern District being the correct venue to file the Chapter 7 Petition. In response the Debtor/Attorney filed a Motion for Change of Venue to the Eastern District Bankruptcy Court where Attorney Phillips conducted business and had a business address. The Court referred the Bankruptcy case to the Northern District and the San Francisco Courts. (Record of Appeal No. 4, Transcript); Record of Appeal, No. 5; Entry of Order.

The main reason for requesting that the case be transferred to the Eastern District was the prejudicial allegations made part of the Complaint filed by the United States Trustee from the Southern District which was provided to him from the Office of the United States Trustee's Office in the Northern District. The allegations in the Complaint Objecting to Discharge filed in the Southern District referred to certain Northern District cases and two Memoranda of Decisions by one of the Oakland California Judges citing various decisions made by the three (3) Oakland Judges Randall Newsome, Leslie Tchaikovsky and Edward D. Jellen. (Record of Appeal No 1, Complaint Exhibit 1 & 3). The Southern District Complaint also attached a letter dated November 20, 1997 signed by Judge Jellen in behalf of the Three (3) Oakland

{ PAGE }

Bankruptcy Judges stating that they would not be signing my Applications to be appointed as attorney on Chapter 11 cases in the future. (Record of Appeal No. 1, Complaint Exhibit 2).

The November 20, 1997 Letter from the three (3) Oakland Judges referred to a January 23, 1992 Meeting demanded by the three (3) Oakland Bankruptcy Court judges. The Letter states that they met with the Debtor to advise the Debtor/Attorney that they "were troubled by your repeated ethical lapses and failures to observe minimum standards of practice in Bankruptcy cases." The true reason for the meeting was to threaten the Debtor/Attorney because he had filed an Appeal on a case decision of Judge Randall Newsome in which there was an allegation of personal and racial bias. In response to the threat, the Appeal was dropped.

The November 20, 1997 Letter from the three (3) Oakland Judges referred to two (2) other cases handled by the Oakland Judges. The Letter cited the cases as "two additional transgressions". Based on this letter the three (3) Oakland Judges have refused to appoint the Debtor/Attorney Phillips to any Chapter 11 cases. In none of the more than eighty-five Chapter 11 cases handled by the Debtor/Attorney Phillips been a hearing regarding "misconduct" or "unethical behavior". No order for Sanctions nor hearing regarding sanctions has been conducted on the two (2) cases cited in the Letter dated November 20, 1997. The Letter was attached to the Southern California Complaint against the Debtor/Attorney. As a result of the Letter, the Debtor/Attorney has not been able to handle any Chapter 11 cases in Oakland nor in the Northern District of California. The Judge made a type of tape of the January 23, 1992 meeting, but refused to have it transcribed.

Judge Thomas E. Carlson acknowledges that he received the November 20, 1997 Letter from the three (3) Oakland Bankruptcy Judges. Based on the extra-judicial communication, Judge Carlson states on the Court record that he refused to Appoint the Debtor/Attorney

{ PAGE }

Appellant's Opening Brief – No. C-07-05397 MHP

Phillips as Legal Counsel in January 1998 in the Chapter 11 case of <u>National Human Services Coalition</u>, Case No.: 98-30389 TC which was filed January 29, 1998. Judge Carlson did not conduct a hearing regarding the Application to be Appointed. He summarily rejected the Appointment based on the Letter. Judge Carlson has acknowledged this on the Court record. This case is cited in the Complaint and the Exhibits attached thereto as further evidence of misconduct. Judge Carlson indicated on the Court record recently in the present case that it was his belief that all of the Judges in the Northern District had received the November 20, 1997 Letter from the Oakland Judges and none of the Judges in the Northern District were going to sign a Chapter 11 Order Approving the Debtor/Attorney in any Chapter 11 case in the Northern District of California.

Judge Carlson has been served with a Subpoena to Appear at a Deposition in this case on October 24, 2007 and to produce documents relating to other outside Court communications regarding Attorney Phillips among the Bankruptcy Judges and the Office of the United States Trustee for the Northern District. (Record of Appeal No. 10, Letter and Notice of Deposition.) The Trial of this case has been scheduled for November 29, 2007 before the Trial Judge Thomas E. Carlson. The Judge has vacated the November 29, 2007 Trial Date.

A Motion to Recuse Judge Thomas E. Carlson was filed. Judge Carlson refused to Recuse himself, but failed to respond in his written Denial Order to all of the issues raised in the Motion to Recuse. (Record of Appeal no. 6 & 7 Motion to Recuse & Order.)  A Motion was filed for Reconsideration of his Order Denying Recusal. Judge Carlson acknowledged the pending Deposition in the Order, but still Denied the Motion for Reconsideration to Recuse himself. A copy of the original Memorandum and Order was Entered January, 2007 and the

Memorandum and Order on the Motion for Reconsideration dated January, 2007 was also Entered. (Record of Appeal no. 8 & 9.)

The Law does not allow Judge Carlson to be called as a witness, if he is the Trial Judge in the case. The involvement of Judge in the 1998 case which was reference in the Complaint and Answer clearly provide a basis to Recuse Judge Carlson. The fact that he was scheduled for Deposition on October 24, 2007 and for Trial on November 27, 2007 provide further reason to Recuse Judge Carlson. The Deposition issue is still pending. There were also comments made in open Court regarding the adeqoc of the Complaint that were prejudicial to the Debtor/Attorney Motions challenging the Complaint were dropped..

The Debtor/Attorney will suffer irreparable harm if he is forced to go to Trial with Judge Thomas E. Carlson without having a review by this Court and a Final and Binding determination of the question whether Judge Thomas E. Carlson should be Recused, an injustice will take place if this Court does not review this matter.

### V. ARGUMENT
**A.  The Relevant Recusal Statutes, Codes And Canons That Provide The Grounds For Judge Thomas Carlson To Be Recused From This Case**

1. **28 U.S.C. 455** – This Code section provides the basic standards for "Disqualification of justice, judge, or magistrate". This section not only deals with actual bias as well or prejudice, but also conflicts of interest and with the appearance of partiality.

2. **The Code of Judicial Conduct** – This code places a duty on the Judge by stating that A Judge should disqualify himself in a proceeding in which his impartiality might reasonable be questioned, including but not limited to instances where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (and any amendments thereto)"{ PAGE }

Appellant's Opening Brief – No. C-07-05397 MHP

**B. Judge Thomas Carlson Should Have Recused Himself As Required Under 28 U.S.C. 455 Because Of His Direct Prior Ruling In A Case That Is The Subject Of The Complaint Objecting To Dischargeability Producing A "Specific Conflict Of Interest"**

Judge Thomas Carlson consulted with the three (3) Oakland Judges regarding their November 20, 1997, letter which terminated Debtor/Attorney Phillips right to be appointed to Chapter 11 case. The underlying basis for their decision was two (2) cases they cited and a January 23, 1992 meeting they had with the Debtor/Attorney Phillips referenced in their 1997 letter. Judge Carlson concurred with their decision and refused Debtor/Attorney Phillips application to be appointed as Chapter 11 Legal Counsel in the case of National Human Services Coalition, Case No. 98-30389 TC.

The actions of the Oakland Judges in the January 23, 1992 out of Court meeting with Attorney Phillips; the letter and cases cited in the November 20, 1997 letter signed by the three (3) Oakland Judges; other cases referenced in pleadings in this Adversary Proceeding, and the action taken by Judge Carlson in denying Debtor/Attorney Phillips' appointment in the National Human Services Coalition case are part of the litigation in this Adversary Proceeding. This produces a clear basis for Judge Carlson to recuse himself.

There is a definite basis to assert that "a reasonable person would be convinced the Judge was biased" in making rulings base upon the above involvement of Judge Carlson and would be in future rulings.

But, it should also be noted that Section 455 deals not only with actual bias which seems to exist. Under Section 455 (b) (1), it deals with a Judge who has involvement in a case where he has a "personal bias…", or person's knowledge of disputed evidentiary facts concerning the proceeding…" Judge Carlson's direct consultation with the Oakland Judges and

his ruling denying the Appointment of Debtor/Attorney Phillips in the National Human Services Coalition case provide evidentiary issues and a conflict of interest for Judge Carlson in this case. Judge Carlson should recuse himself.

**C.  The Code Of Judicial Conduct Provides The Standards For Judge Thomas Carlson To Disqualify Himself Under Canon 3c Because His "Impartiality Might Reasonably Be Questioned"**

Attorney Phillips is aware that this is not a case that names the four (4) Oakland Judges and Judge Thomas Carlson as Defendants in the Adversary action pending in this Court. If that was the case, it is clear that Canon 3C (1) (d) (i) would apply which "provides that a Judge shall recuse himself or herself when the Judge is a party to the proceeding.

Attorney Phillips is also aware that there is a close relationship between Judge Carlson and his three Oakland colleagues. This close relationship had to include a personal out of Court discussion of the now 20, 1997 letter signed by the three (3) Oakland Judges. As a result of the close relationship, Judge Carlson signed an Order denying Attorney Phillips' representation in the Chapter 11 case of <u>National Human Services Coalition</u>, Case No. 98-30389 TC in 1998.

Judge Carlson's decision in the above referenced case and his close and active discussions with his close Oakland Colleagues clearly raises questions about this Judges' impartiality. This is a case in which he is an active party to issues involved. Plus, the actions of his close Oakland Colleagues, with his involvement, should provide the basis for Judge Thomas Carlson's recusing himself and making no judgment in this case. Judge Carlson and the Oakland Judges are active parties in the case. Canon 3C (1) (d) (i) seems to be appropriate as another basis for requesting Judge Carlson's Recusal.

**D. The Denial Of Debtor/Attorney Phillips Appointment In The Chapter 11 Case Of <u>National Human Services Coalition</u>, Case No. 98-30389-Tc In Support Of The Oakland Judges Is Grounds For Recusal**

The three Oakland Bankruptcy Judges wrote a letter to me dated November 20, 1997 stating they would not sign Orders appointing me to any new Chapter 11 cases. They referred to a private, out of Court, after business hours they had with me on January 23, 1992 in which they alleged that they "were troubled by your repeated ethical lapses and failures to observe minimum standards of practice in Bankruptcy cases." They also referred to two other cases in their letter as "two additional transgressions". Based on this letter, they stopped me from filing any further Chapter 11 cases in Oakland, California and the Northern District. (Complaint of the U.S. Trustee Record of Appeal No.1.)

An Application for Appointment in the Chapter 11 case of <u>National Human Services Coalition</u>, Case No. 98-30389-TC was submitted. In support of the three Oakland Judges, Judge Carlson refused to sign an Order Appointing me as Chapter 11. The action was clearly done after consultation with the Oakland Judges outside of Court regarding me.

The 1992 meeting with the Oakland Judges was demanded because Attorney Phillips had filed an Appeal on a decision of Oakland Judge Randall Newsome. In that Appeal he alleged bias for and against certain attorneys and also racial bias. The 1992 meeting was a subtle threat by the three Oakland Judges. It resulted in the Attorney dropping the Appeal.

It should be noted that Judge Randall Newsome was going to be represented by the Law Office of Irving Kornfield in the Appeal. This is one of the Offices that Attorney Phillips over the years repeatedly stated is a favorite of the Judges in Oakland. Based upon that judgment, reasoning, and comments in the Trial of Cherie <u>Ivey v. Pros Rivera</u>, Adversary No 05-3441 in

Chapter bankruptcy case of Pros Rivera, Case No. 05-32090-TEC, Attorney Phillips believes the favorite status of the Kornfield Law Firm applies to Judge Carlson.

### E. Judge Thomas Carlson Is Specifically Noted In Adversary Pleading Filed On June 16, 2006 As A Witness Who Should Be Recused If Appointed As Judge In This Case

As part of the Adversary Complaint filed by the Office of the United States Trustee and Responsive Pleadings filed on June 16, 2006, Judge Carlson's refusal to sign the Application t Appoint me in the Chapter 11 case of <u>National Human Services Coalition</u>, Case No. 98-30389-TC is referenced and I request that Judicial Notice be taken.

The Pleading specifically list Judge Carlson Witness to the events involved in the litigation. There was a call for Judge Carlson and the Oakland Judges be disqualified to hear my case. Currently, Judge Carlson has been served with a Deposition Subpeona. The United States Attorney's Office represents him. Judge Carlson is scheduled to be called as a Witness at Trial. This matter is still pending a decision.

### F. The Reporters Transcript Of The Hearing Held On June 23, 2006 Before Judge James W. Meyers In The San Diego, California Bankruptcy Court Reflects The Debtor's Concern Of Bias Of The Oakland Judges And Judge Carlson, A Request For Recusal And For A Change Of Venue

Attorney Phillip's Chapter 7 was filed in San Diego California. A Complaint was filed by that Southern District Office of the United States Trustee based on information supplied by Trustee Minnie Loo from the Office of the United States Trustee in the Northern District of California. Instead of a normal Motion for Change of Venue or Dismissal, an unusual Complaint Objecting to Discharge based on alleged fraud was filed. Attorney Phillips assumes

this Complaint was filed at the request of the Office of the United States Trustee in the Northern District of California.

A Motion for Change of Venue was filed by Attorney Philips as the Debtor, to eliminate the issues raised in the Complaint. The Hearing on the Motion was held on June 23, 2006. The issue of bias of the Oakland Judges is referenced throughout the Reporters Transcripts of the June 23, 2006.

On Page 11, Lines 8-19 of the Reporters Transcript there is reference to the actions of Judge Thomas Carlson in denying my appointment in the 1998 Chapter 11 case based on the November 20, 1997 letter signed by the three (3) Oakland Judges. Attorney Phillips alleged bias on the part of those Oakland Judges and Judge Carlson.

As found in the Reporter's Transcript on Page 12, Lines 20-25 and Page 12, Lines 1-7, I raised my concerns in the San Diego Hearing about the <u>Ivey v. Rivera</u> Adversary case (referenced above) which was going to be heard by Judge Thomas Carlson. Attorney Phillips was concerned that the Kornfield Law Firm that represented Judge Newsome in the 1992 Appeal which Attorney Phillips filed alleging bias was representing the Debtor Pros Rivera in the pending Trial. Attorney Phillip's concern reflected his belief that there is a bias in favor of the Kornfield Office. Attorney Phillips had no doubt that, if the roles were reversed, and he was representing the Debtor Pros Rivera and the Kornfield Office was representing the defrauded creditor, Cherie Ivey, the Creditor would have rightfully won the case and the Debt would not have been Discharged. The Judge Carlson Judgment was predictable and unjust. In the Transcript from the June 23, 2006 Hearing on Page 12, Lines 8-13, Attorney Phillips again raised concerns recusal of the Oakland Judges and Judge Carlson. This case is currently on Appeal before the U.S. District Court.

**VI. CONCLUSION**

Judge Thomas Carlson should have recused himself. The standards outlined for recusal under 28 U.S.C. 455 and the Code of Judicial Conduct has been met. The Court should Recuse Judge Thomas E. Carlson and seek an impartial Judge.

Date: December 6, 2007

                /S/ Willie E. Phillips
                Willie E. Phillips, Debtor/Attorney in Pro Per