UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re Willie E. Phillips, Debtor.

WILLIE E. PHILLIPS,

    Appellant,

  v.

UNITED STATES TRUSTEE,

    Appellee.

                               /

No. C 07-05397 MHP

**MEMORANDUM & ORDER**

**Re: Application for Leave to Amend Interlocutory Order**

      Appellant Willie E. Phillips has filed an application for leave to appeal an interlocutory order pursuant to 28 U.S.C. section 158. Phillips asks that this court reverse Bankruptcy Judge Thomas E. Carlson's refusal to recuse himself from hearing Phillips' Chapter 7 bankruptcy case.

BACKGROUND

      Prior to filing bankruptcy, Phillips worked as a solo attorney in San Francisco. In October 2005 Phillips filed a voluntary Chapter 7 petition in the Southern District of California Bankruptcy Court. The United States Trustee challenged the venue for the bankruptcy action. In response, Phillips filed a motion asking that court to transfer venue to the Eastern District of California Bankruptcy Court. That court denied Phillips' motion and referred the action to the San Francisco division of the Northern District of California Bankruptcy Court.

      In the San Francisco division, Phillips asked Judge Carlson to recuse himself for three reasons.[1] First, Judge Carlson enforced a 1997 decision by three judges in the Oakland division that Phillips not be appointed as an attorney in any Chapter 11 cases. Second, Phillips claimed that, in a recent case, the Judge ruled against Phillips' client due to bias. Finally, Phillips sought to call the

1  Judge as a witness in the present action because the complaint discusses the above-mentioned
2  decision by the Oakland judges. Judge Carlson denied both the motion for recusal and the motion
3  for reconsideration because he found that he had no bias against Phillips. <u>See</u> Appellant's Exhs. A
4  & B.
5        On October 16, 2007 Phillips filed an application with this court for leave to appeal this
6  interlocutory order. <u>See</u> Docket No. 1. The United States Trustee filed a notice of nonparticipation
7  in this appeals process on April 2, 2008. <u>See</u> Docket No. 8.
8
9  <u>LEGAL STANDARD</u>
10        "The district courts of the United States shall have jurisdiction to hear appeals . . . with leave
11  of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a).
12  District courts have wide discretion in deciding whether or not to hear interlocutory appeals because
13  the Ninth Circuit has concluded that it has "no jurisdiction to consider whether such exercises of
14  discretion are proper. The courts of appeals only have jurisdiction to review the 'final decisions,
15  judgments, orders and decrees' entered by . . . district courts." <u>In re City of Desert Hot Springs</u>, 339
16  F.3d 782, 787–88 (9th Cir. 2003) (quoting 28 U.S.C. § 158(d)).
17
18  <u>DISCUSSION</u>
19        Appellant concedes that this is an interlocutory appeal, so this court has wide discretion in
20  deciding whether not to hear the appeal.[2]
21        Phillips asserts that Judge Carlson's enforcement of the decision by the Oakland bankruptcy
22  judges to stop appointing Phillips to Chapter 11 cases amounts to clear evidence of bias. He alleges,
23  without supporting evidence, that Judge Carlson must have reached this conclusion based on his
24  close relationship with his Oakland colleagues and on personal, out-of-court conversations with
25  them. Even assuming that Phillips' unsupported contentions are true, he fails to demonstrate how
26  Judge Carlson's enforcement of a prior decision by other judges amounts to grounds for recusal
27  based on lack of "impartiality" or "personal bias or prejudice concerning a party, or personal
28  knowledge of disputed evidentiary facts." 28 U.S.C. § 455(a), (b)(1).

2

Similarly, Phillips' contention that Judge Carlson's ruling against one of Phillips' clients amounts to personal bias also fails for lack of evidence. He argues that Judge Carlson favored the plaintiff in that case because he was partial to the law firm representing that plaintiff. Phillips fails to support this claim with exhibits, affidavits or any other evidence of improper bias. Finally, even if these serious allegations were true, Phillips fails to demonstrate how bias in favor of a particular law firm in the past translates into bias against him in the instant action.

Finally, Phillips asserts that Judge Carlson must recuse himself because the Judge will be called as a witness in this bankruptcy action. The Judge, however, dismissed this argument because he concluded that he will not be called because he has no personal knowledge of the circumstances leading to the Oakland bankruptcy judges' 1997 decision. Phillips has presented no evidence that Judge Carlson has personal knowledge of the 1997 Oakland proceedings. Consequently, this argument is without merit.

CONCLUSION

For the foregoing reasons, appellant's application for leave to appeal the interlocutory decision is DENIED.

IT IS SO ORDERED.

Dated: June 20, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

3

**ENDNOTES**

1.     Judge Carlson identified three reasons in his memorandum regarding Phillips' motion for recusal. Although Phillips contends that Judge Carlson omitted his other allegations, he did not provide those allegations to this court. Consequently, this court is unable to determine Phillips' additional reasons for requesting recusal.

2.     Phillips nevertheless discusses "irreparable harm," which is a factor used to determine if a bankruptcy court decision is final or not. In <u>Ryther v. Lumber Products, Inc.</u>, 799 F.2d 1412, 1414 (9th Cir. 1986), the court noted that if a litigant is unsure about the bankruptcy court's order, the litigant should file a notice of appeal and a motion for leave to appeal. No such process was employed here. Consequently, the court treats this as an interlocutory appeal and has no occasion to reach appellant's irreparable harm argument.